**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NATIONAL ENTERPRISES, INC.,**
**Plaintiff,**

**vs.** **C.A. NO. 94-0403 T**
**EXPEDITED CONSIDERATION REQUESTED**

**CLAYTON SHACKLETON,**
**Defendant.**

**MOTION FOR POST-JUDGMENT WRIT OF ATTACHMENT**

Plaintiff, National Enterprises, Inc. ("NEI"), moves pursuant to Fed.R.Civ.P. 69 and R.I. Gen. Laws § 7-16-37 for an Ex-Parte Post-Judgment Writ of Attachment in the amount of $150,050.28 against any and all interest of Defendant Clayton Shackleton in EG Land Company, LLC. As support for this motion, NEI states as follows:

1. On March 29, 1995, this Court entered a Stipulation of Judgment in favor of Plaintiff, National Enterprises, Inc., and against Defendant, Clayton Shackleton, in the amount of $65,968.59. A copy of the Stipulation of Judgment is attached as **Exhibit A**.

2. Demand for payment of the judgment was made and refused.

3. A writ of execution served upon Shackleton on August 25, 1995 was returned unsatisfied.

4. The amount due on the judgment as of February 21,

2008 is $150,050.28, based on the accrual of interest at the post-judgment interest rate of 6.57% pursuant to 28 U.S.C. § 1961. Interest will continue to accrue at the per diem rate of $25.49.

5. NEI recently learned that Shackleton may have an interest in EG Land Company, LLC.

6. EG Land Company, LLC owns three parcels of real estate in East Greenwich, Rhode Island that are subject to a purchase and sale agreement between EG Land Company, LLC and New England Institute of Technology.

7. Upon information and belief, a closing on the sale of the real estate is scheduled for February 29, 2008.

8. Pursuant to Fed. R. Civ. P. 69, this Court shall follow the procedure provided by the Rhode Island Superior Court Rules of Civil Procedure in proceedings supplementary to and in aid of a judgment.

9. Super. R. Civ. P. 69 provides, "In any action where the plaintiff's claim has been reduced to judgment, the defendant's assets, including personal estate, may be attached and be subjected to trustee process in the action in which the judgment has been entered."

10. R.I. Gen. Laws § 7-16-37 provides, "On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the

membership interest of the member with payment of the unsatisfied amount of judgment with interest."

11. Pursuant to Super. R. Civ. P. 69(e)(2), NEI will give notice to Shackleton of the post-judgment attachment on his interest in EGLC by mailing to Shackleton and the Court a copy of the writ of trustee process and a notice of hearing on any exemptions the defendant may claim under federal or state law on the date the writ of trustee process is served.

12. Shackleton will not suffer any prejudice if his interest in EG Land Company, LLC is attached pending a hearing to be held, as required by Super. R. Civ. P. 69(e)(2), not less than five (5) nor more than nine (9) days after the date the writ of attachment is served on the registered agent of EG Land Company, LLC.

WHEREFORE, Plaintiff, National Enterprises, Inc., requests that this Court

(a) Issue a Post-Judgment Writ of Attachment attaching any and all interest Defendant Clayton Shackleton may have in EG Land Company, LLC;

(b) Set a date for a hearing not less than five (5) nor more than nine (9) days after the date the writ of attachment is served on the registered agent of EG Land Company, LLC; and

(c) Grant such other and further relief as justice may require.

**NATIONAL ENTERPRISES, INC.,**

/s/ Melissa M. Horne, Esq.

Melissa M. Horne, Esq.
State Bar No. 5291
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated: February 22, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NATIONAL ENTERPRISES, INC.,**
**Plaintiff,**

**vs.** **C.A. NO. 94-0403 T**
**EXPEDITED CONSIDERATION REQUESTED**

**CLAYTON SHACKLETON,**
**Defendant.**

## MEMORANDUM IN SUPPORT OF MOTION FOR POST-JUDGMENT WRIT OF ATTACHMENT

Plaintiff, National Enterprises, Inc. ("NEI"), submits this Memorandum in support of its Motion for Post-Judgment Writ of Attachment, pursuant to which NEI requests this Court to issue, on an expedited basis, a Post-Judgment Writ of Attachment attaching any and all interest Defendant Clayton Shackleton may have in EG Land Company, LLC ("EGLC").

## FACTUAL BACKGROUND

On March 29, 1995, this Court entered a Stipulation of Judgment in favor of NEI and against Shackleton, in the amount of $65,968.59. To date, NEI's efforts to collect on the judgment have been unsuccessful.

NEI recently learned that Shackleton may have an interest in EGLC. Upon information and belief, EGLC's only assets are three parcels of real estate in East Greenwich, Rhode Island that are subject to a purchase and sale

agreement between EGLC and New England Institute of Technology (the "Real Estate"). Upon information and belief, a closing on the sale of the Real Estate is scheduled for February 29, 2008.

NEI requests this Court to issue a Post-Judgment Writ of Attachment attaching any and all interest Shackleton may have in EGLC on an expedited basis, so that the writ may be served prior to the closing on the Real Estate scheduled for February 29, 2008. NEI makes this request for expedited consideration because it wants to secure its claim to any interest Shackleton may have in EGLC prior to the date the Real Estate is sold and any distribution of the proceeds is made.

**LEGAL ARGUMENT**

Pursuant to Fed.R.Civ.P. 69, this Court may utilize procedures provided by the Rhode Island Superior Court Rules of Civil Procedure in proceedings supplementary to and in aid of a judgment. Super. R. Civ. P. 69 provides,

> In any action where the plaintiff's claim has been reduced to judgment, the defendant's assets, including personal estate, may be attached and be subjected to trustee process in the action in which the judgment has been entered.

Super. R. Civ. P. 69(e)(1). In addition, R.I. Gen. Laws § 7-16-37 provides,

> On application to a court of competent jurisdiction by

> any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of judgment with interest.

As required by Super. R. Civ. P. 69(e)(2), NEI will give notice to Shackleton of the post-judgment attachment on his interest in EGLC by mailing to Shackleton and the Court a copy of the writ of trustee process and a notice of hearing on any exemptions the defendant may claim under federal or state law on the date the writ of trustee process is served. Because Rule 69 does not provide for notice to Shackleton until after the writ is issued and served, expedited consideration of the Motion for Post Judgment Writ of Attachment will not prejudice him in any way.

**CONCLUSION**

Based on the foregoing, this Court should issue a Post-Judgment Writ of Attachment attaching any and all interest Defendant Clayton Shackleton may have in EG Land Company, LLC ("EGLC") on an expedited basis so that the

writ may be served prior to February 29, 2008.

**NATIONAL ENTERPRISES, INC.,**

/s/ Melissa M. Horne, Esq.

Melissa M. Horne, Esq.
State Bar No. 5291
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated: February 22, 2008