AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

NATIONAL ENTERPRISES, INC.

V.

CLAYTON SHACKLETON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 94-0403T

TO: CLAYTON SHACKLETON
261 Betsy Williams Drive
Warwick, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Winograd, Shine & Zacks, P.C., 123 Dyer Street, Providence, RI | 3/17/2008 10:00 am |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Winograd, Shine & Zacks, P.C., 123 Dyer Street Providence, RI 02903 | 3/17/2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Melissa Horne — Attorney for Plaintiff | 3/6/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Melissa M. Horne, Esq., Winograd, Shine & Zacks, P.C., 123 Dyer Street, Providence, RI 02903 (401)273-8300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**

1. All passbooks and bank statements with respect to any savings accounts in which you had an interest from July 1, 2001 through the date of production.

2. All personal checkbooks, bank statements, check registers, check stubs, and cancelled checks in your name, whether individually or jointly, or on which you are or have been an authorized signatory from July 1, 2001 through the date of production.

3. Deeds to all real property owned by you during the period from July 1, 2001 through the date of production whether such property is or was owned individually or jointly with any other person or entity.

4. Any and all corporate securities owned personally by you from July 1, 2001 through the date of production.

5. Copies of your personal (or joint) U.S. income tax returns for the years 2001 through the date of production. In the event that a tax return for the present year has not yet been filed, any and all W-2 forms, K-1 forms, or other documentation of whatever kind or nature which would tend to fully disclose your income for the present year and all deductions to which you may be entitled in filing same.

6. The title certificates, registration certificates, bills of sale, lease agreements or other evidence of your

ownership from July 1, 2001 through the date of production of any of the following described personal property owned personally by you, whether individually or jointly with another person or entity:

a. Motor vehicles of any type;

b. Commercial business, or construction equipment of any type; and/or

c. Boats, planes, or other vessels of any type.

7. Any documents related to your interest in the administration of any estate of any deceased person from July 1, 2001 through the date of production.

8. With regard to any business enterprise, whether in the form of a privately held corporation, partnership, joint venture, limited liability company or other form, in which you were an officer, director, manager or in which you had an interest from July 1, 2001 through the date of production:

a. All passbooks and bank statements with respect to all savings accounts, checking accounts, certificates of deposit, money market accounts, or other accounts owned by said entity or entities from July 1, 2001 through the date of production;

b. All checkbooks, bank statements, check registers, check stubs, and cancelled checks with regard to any and all checking accounts owned by said entity or entities from July 1, 2001 through the date of production;

c. The deeds to all real property owned by said entity or entities from July 1, 2001 through the date of production;

d. Any and all corporate securities owned by such entity or entities from July 1, 2001 through the date of production;

e. Accounts receivable ledgers or other records which set forth the names and addresses of all persons or business enterprises that are or were indebted to said entity or entities and the amount of such indebtedness from July 1, 2001 through the date of production;

f. Copies of any and all partnership or corporate income tax returns filed by said entity or entities from July 1, 2001 through the date of production;

g. Copies of all balance sheets and profit and loss statements prepared with regard to said entity or entities from July 1, 2001 through the date of production;

h. Any and all ledgers and journals which would fully disclose the financial condition of said entity or entities from July 1, 2001 through the date of production;

i. The title certificates, registration certificates, bills of sale, or other evidence of ownership with respect to any of the following described real property owned by said entity or entities from July 1, 2001 through the date of production:

   i) Motor vehicles of any type;

   ii) Commercial, business or construction equipment of any type;

   iii) Inventory; and/or

   iv) Boats, planes, or other vessels of any type.

9. Any and all existing life insurance policies on you or your family, including insurance paid for you, by you, or by any other person or entity.

10. All monthly statements from any stockbroker with which you had an account from July 1, 2001 through the date of production.

11. All loan applications, including supporting financial statements or financial disclosures, promissory notes or other evidence of debt incurred by you from July 1, 2001 through the date of production.

12. All statements of account for all credit accounts and any other charge accounts which you have maintained from July 1, 2001 through the date of production.

13. A copy of the trust instrument for any trust in which you are a trustee or beneficiary or were a trustee or beneficiary from July 1, 2001 through the date of production.

14. Any power of attorney which has been given to you to act for any person from July 1, 2001 through the date of production.

15. Any appraisal report which you have received for any realty in which you have held any interest from July 1, 2001 through the date of production.

16. All statements related to any pension or retirement plan in which you have an interest, showing the extent of your interest as of the latest statements received, and disbursements of any such account from July 1, 2001 through the date of production.

17. All correspondence, documents, financial statements, distribution statements, or any other writings, showing the amounts you have received either as salary, dividends, or partnership payments from any entity from July 1, 2001 through the date of production.

18. All correspondence, promissory notes, contracts, or other writings which show or document any monies owed to you by any other person, regardless of whether said monies are still due and owing, from July 1, 2001 through the date of production.

19. All correspondence, promissory notes, contracts, or other writings which show or document any monies you presently owe to any other person or money you owed to any other person, regardless of whether said monies are still due and owing, from July 1, 2001 through the date of production.

20. Copies of all judgments which have been or are now held by any other person or entity against you, regardless of whether or not said judgments have been satisfied, from July 1, 2001 through the date of production.

21. Copies of all judgments you presently hold against any other person or entity or which you held against any other person or entity, regardless of whether or not said judgments have been satisfied, from July 1, 2001 through the date of production.

22. Copies of all promissory notes, and/or account statements for any loan which you have received from any bank, trust company, savings and loan institution, credit union, or other organization from July 1, 2001 through the date of production.

23. Any rental statements for any safety deposit box or boxes which you have or have had from July 1, 2001 through the date of production, including any such box jointly held.

24. Copies of all written inventories, appraisals, lists and/or descriptions of your personal property which have been prepared from July 1, 2001 through the date of production.

25. The original and copies of all real estate tax bills and paid tax receipts for any and all real property which you presently own or have any interest in, either individually or jointly with some other person, wherever located, or that you have owned or had any interest in from July 1, 2001 through the date of production.

26. Copies of all mortgage instruments wherein you are or were either mortgagor or mortgagee from July 1, 2001 through the date of production.

27. All real property tax bills, homestead exemption receipts, title insurance policies, bills of sale, mortgages, promissory notes, deposit receipt contracts, and all closing statements in regard to the sale or purchase of any real or personal property which you bought or sold, whether individually or jointly, from July 1, 2001 through the date of production.

28. Copies of all applications for credit or loans from any bank, credit union, or lending institution, or issuer of credit cards, and of any financial statements prepared by you or on your behalf from July 1, 2001 through the date of production.

29. Any employment agreement made by you in connection with your employment from July 1, 2001 through the date of production.

30. All bonds or other securities presently owned, or copies of any bonds or securities which you have owned from July 1, 2001 through the date of production.

31. Copies of all state and city intangible tax returns filed by you, and worksheets in connection therewith, from July 1, 2001 through the date of production.

32. Copies of all federal gift tax returns filed by you, and worksheets in connection therewith, from July 1, 2001 through the date of production.

33. All homeowner's or renter's insurance policies and endorsements or riders thereto, purchased by you or on your behalf, from July 1, 2001 through the date of production.

34. All contracts, documents, or other writings which relate to, or show your interest in, any other asset which is not covered by the preceding requests for production.

35. Any pension plan, profit sharing plan, Keogh retirement plan, or professional association in which you are now or have been a participant from July 1, 2001 through the date of production.