**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NATIONAL ENTERPRISES, INC.,**
**Plaintiff,**

**vs.** **C.A. NO. 94-0403 T**
**EXPEDITED CONSIDERATION REQUESTED**

**CLAYTON SHACKLETON,**
**Defendant.**

**EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

Plaintiff, National Enterprises, Inc. ("NEI"), moves pursuant to Fed.R.Civ.P. 65 for an Ex-Parte Temporary Restraining Order and/or Preliminary Injunction (1) enjoining Defendant, Clayton Shackleton, from transferring or assigning any interest he may have in EG Land Company, LLC ("EGLC") and (2) restraining EGLC from distributing any proceeds of a proposed sale of certain real estate owned by EGLC (the "Real Estate") to Clayton Shackleton. NEI requests that the Temporary Restraining Order issue without notice to Shackleton because, as detailed in the Affidavit of Melissa M. Horne, NEI's attempts to serve his attorney with a Writ of Attachment have been unsuccessful and NEI is concerned Shackleton will transfer any interest he may have in EGLC, thereby defeating NEI's attachment, if he is given notice of this motion.

As set forth in the accompanying Memorandum of Law and Affidavit of Timothy C. Tallarida, NEI is reasonably likely to prevail on the merits because NEI has an unsatisfied judgment against Shackleton and there is no apparent basis for Shackleton to claim that his interest in EGLC is exempt. In addition, the evidence supports a finding that NEI will be irreparably harmed if EGLC is permitted to distribute to Shackleton the proceeds of the sale of the Real Estate because such a distribution will render NEI's attachment worthless. The hardship NEI will suffer if it is deprived of its ability to collect on its outstanding judgment outweighs any hardship that Shackleton might suffer if the requested relief is granted. Finally, an injunction of the distribution of any proceeds to which Shackleton might be entitled as a result of his interest in EGLC is in the public interest.

Based on the foregoing, Plaintiff, National Enterprises, Inc., respectfully requests this Court to:

a. Enter a Temporary Restraining Order (1) enjoining Defendant, Clayton Shackleton, from transferring or assigning any interest he may have in EG Land Company, LLC and (2) restraining EG Land Company, LLC from distributing any proceeds of the sale of the Real Estate to Clayton Shackleton pending a hearing on Preliminary Injunction;

b. Enter a Preliminary Injunction (1) enjoining Defendant, Clayton Shackleton, from transferring or assigning any interest he may have in EG Land Company, LLC and (2) restraining EG Land Company, LLC from distributing any proceeds of the sale of the Real Estate to Clayton Shackleton; and

c. Grant such other and further relief as is just and reasonable under the circumstances.

**NATIONAL ENTERPRISES, INC.,**

/s/ Melissa M. Horne, Esq.

Melissa M. Horne, Esq.
State Bar No. 5291
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated: March 11, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NATIONAL ENTERPRISES, INC.,**
**Plaintiff,**

**vs.**

**C.A. NO. 94-0403T**
**EXPEDITED CONSIDERATION REQUESTED**

**CLAYTON SHACKLETON,**
**Defendants.**

## MEMORANDUM IN SUPPORT OF EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Plaintiff, National Enterprises, Inc. ("NEI"), submits this Memorandum in support of its Ex-Parte Motion for Temporary Restraining Order and/or Preliminary Injunction, pursuant to which it requests this Court to (1) enjoin Defendant, Clayton Shackleton, from transferring or assigning any interest he may have in EG Land Company, LLC ("EGLC") and (2) restrain EGLC from distributing any proceeds of a proposed sale of certain real estate owned by EGLC (the "Real Estate") to Defendant Clayton Shackleton. NEI also relies upon the Affidavits of Timothy C. Tallarida and Melissa M. Horne filed simultaneously herewith.

## FACTUAL BACKGROUND

NEI initially brought suit against Shackleton in August 1994 to enforce a promissory note and mortgage Shackleton gave to Colonial Savings & Mortgage in 1989 and

which NEI subsequently acquired. Affidavit of Timothy C. Tallarida ("Tallarida Affidavit") at ¶ 4. On March 29, 1995, this Court entered a Stipulation of Judgment in favor of NEI and against Shackleton, in the amount of $65,968.59. A copy of the Stipulation of Judgment is attached as **Exhibit A**.

NEI made demand for payment of the judgment but payment was refused by Shackleton. Tallarida Affidavit at ¶ 6. A writ of execution served upon Shackleton on August 25, 1995 was returned unsatisfied. Id. at ¶ 7. NEI's post-judgment discovery relative to Shackleton's assets indicated that he apparently had no assets from which NEI's judgment could be satisfied. Id. at ¶ 8.

NEI recently learned that Shackleton may have an interest in EGLC. Id. at ¶ 10. Shackleton testified in a deposition taken on May 13, 2002 that he was familiar with EGLC but had never performed any work for EGLC. See transcript of deposition of C. Shackleton, attached as **Exhibit B**, at 59:11-23. Shackleton also testified that he has "nothing to do with E.G. Land Company; zero." Id. at 64:21-23. However, despite that testimony, Shackleton signed Limited Liability Company Annual Reports filed by EGLC with the Rhode Island Secretary of State for the years 2006 and 2007. Copies of the Limited Liability Company

Annual Reports are attached as **Exhibit C**. The fact that Shackleton has represented himself to be an "authorized person" for EGLC raises an inference that he may in fact have an interest in EGLC.

Upon information and belief, EGLC's only assets are three parcels of real estate in East Greenwich, Rhode Island that are subject to a purchase and sale agreement between EGLC and New England Institute of Technology (the "Real Estate"). Tallarida Affidavit at ¶ 11. Upon information and belief, a closing on the sale of the Real Estate is likely to occur within the next three to six weeks. Affidavit of Melissa M. Horne ("Horne Affidavit") at ¶ 11.

This Court issued a Post-Judgment Writ of Attachment attaching any and all interest of Shackleton in EGLC on February 27, 2008. NEI's efforts to serve the Writ of Attachment on EGLC by serving EGLC's registered agent, John T. Sheehan, Esq., or a person employed at the offices of EGLC have been unsuccessful. See generally, Horne Affidavit. In order to preserve the value of NEI's attachment on Shackleton's interest in EGLC, NEI requests this Court to grant, on an expedited basis, a Temporary Restraining Order and/or Preliminary Injunction (1) enjoining Shackleton from transferring or assigning any

interest he may have in EGLC and (2) restraining EGLC from distributing any proceeds of the sale of the Real Estate. NEI makes this request for expedited consideration because it is concerned that its attachment will be made worthless if Shackleton transfers or assigns his interest in EGLC or any distribution of the proceeds of the Real Estate is made before NEI can execute on its attachment.

## LEGAL ARGUMENT

Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over additional parties, such as EGLC, in proceedings in aid of a judgment under Fed. R. Civ. P. 69. U.S.I. Properties Corp. v. M.D. Construction Co., 230 F.3d 489, 496 (1st Cir. 2000).

When considering a request for a temporary restraining order or preliminary injunction,[1] the Court must consider four factors: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant without the injunction; (3) the balance of hardships (i.e., the hardship to the movant if the injunction is denied versus the hardship to the non-movant if interim relief is granted); and (4) the effect of the injunction on the public interest. Narragansett Indian Tribe v. Guilbert,

[1] The test for both remedies is the same. Kellam v. Burnley, 673 F. Supp. 71, 73 (D.R.I. 1987).

934 F.2d 4, 5 (1st Cir. 1991); Ardito v. City of Providence, 263 F.Supp.2d 358, 365-66 (D.R.I. 2003) (citations omitted).

In this case, NEI is likely to succeed on the merits of its claim to any interest Shackleton may have in EGLC. NEI has an unsatisfied judgment against Shackleton and there is no basis for Shackleton to claim that his interest in EGLC is exempt.

Moreover, the evidence supports a finding that NEI will be irreparably harmed if Shackleton transfers or assigns any interest he may have in EGLC or if EGLC is permitted to distribute to Shackleton the proceeds of the sale of the Real Estate because such a distribution will likely render NEI's attachment worthless. Since the Real Estate is EGLC's only asset, a distribution of the proceeds of the sale of that asset will likely leave EGLC without any significant assets, making the interests of its members worth nothing.

The obvious hardship NEI will suffer if it is deprived of its ability to collect on its outstanding judgment clearly outweighs any hardship Shackleton might suffer if the relief is granted. NEI has been attempting to collect on a judgment to which Shackleton consented for almost 13 years. Shackleton apparently has gone to great lengths to

make himself judgment-proof, frustrating NEI's efforts to collect a debt which he agreed he owes. On the other hand, the relief sought by NEI will not impose any hardship on Shackleton. In the unlikely event that Shackleton is able to establish that NEI is not entitled to attach his interest in EGLC to satisfy its debt, EGLC will still have the sale proceeds to distribute to Shackleton.

Finally, an injunction of any proceeds to which Shackleton might be entitled as a result of his interest in EGLC is in the public interest, because the power of the courts to adjudicate disputes and issue judgments would be meaningless without the ability to enforce those judgments. See U.S.I Properties Corp., 230 F. 3d at 496.

**CONCLUSION**

Based on the foregoing, this Court should enter a Temporary Restraining Order and/or Preliminary Injunction (1) enjoining Clayton Shackleton from transferring or assigning any interest he may have in EG Land Company, LLC and (2) restraining EG Land Company, LLC from distributing any proceeds of the sale of the Real Estate to Clayton Shackleton.

**NATIONAL ENTERPRISES, INC.,**

/s/ Melissa M. Horne, Esq.

Melissa M. Horne, Esq.
State Bar No. 5291
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated: March 11, 2008