**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NATIONAL ENTERPRISES, INC.,**
**Plaintiff,**

**vs.**

**C.A. NO. 94-0403T**

**CLAYTON SHACKLETON,**
**Defendant.**

**AFFIDAVIT OF MELISSA M. HORNE**

I, Melissa M. Horne, being first duly sworn under oath, depose and state as follows:

1. I make this Affidavit in support of the Motion for a Temporary Restraining Order/Preliminary Injunction filed by National Enterprises, Inc.

2. Except for those statements made on information and belief, I have personal knowledge of and am competent to testify to the matters set forth in this Affidavit.

3. I am an attorney with the law firm Winograd, Shine & Zacks, P.C., counsel to National Enterprises, Inc. in the above-captioned matter.

4. On February 27, 2008, this Court issued a Writ of Attachment attaching the personal property of Clayton Shackleton in the possession of John Sheehan, Esq., Registered Agent for EG Land Company, LLC. The Court

scheduled a hearing on the Writ of Attachment for March 12, 2008 at 3:00 p.m.

5. On February 27, 2008, pursuant to R.I. Gen. Laws § 10-5-19, I requested the United States Marshal's Service to serve the Writ of Attachment on John Sheehan, the Registered Agent for EG Land Company, LLC, at 32 Bayside Avenue, Newport, Rhode Island. This address is the address listed as Mr. Sheehan's address on the Stipulation of Judgment entered in this matter.

6. On February 28, 2008, Clifford Moore of the United States Marshal's Service called to tell me that 32 Bayside Avenue in Newport, Rhode Island was a house and that the occupant had advised him that she had no knowledge of John Sheehan.

7. Thereafter, at my request, Mr. Moore attempted to serve the Writ of Attachment at 34 Bayside Avenue, Newport, Rhode Island, the address listed as Mr. Sheehan's address on the 2006 and 2007 Annual Reports filed with the Rhode Island Secretary of State by EG Land Company, LLC.

8. Mr. Moore called to tell me that 34 Bayside Avenue, Newport, Rhode Island was a house in the process of being auctioned and that he was unable to serve the Writ of Attachment at that location.

9. I then requested that Mr. Moore attempt to serve the Writ of Attachment by leaving it with a person employed at the principal office of EG Land Company, LLC, which, according to EG Land Company, LLC's 2006 and 2007 Annual Reports, is located at 1645 Warwick Avenue, Warwick, Rhode Island.

10. After going to that location, Mr. Moore advised that the office was vacant and that he was not able to serve the Writ of Attachment. Mr. Moore returned the Writ of Attachment with a certification that he had been unable to locate John Sheehan. A copy of the Process Receipt and Return form is attached as **Exhibit A**.

11. On February 28, 2008, Joseph DeAngelis, Esq., the closing attorney for the proposed sale of property owned by EG Land Company, LLC told me that the closing would not take place on February 29, 2008 but that the closing probably would occur within 30-60 days.

12. Mr. Moore had advised that in the process of trying to serve the Writ of Attachment he had been told that John Sheehan was practicing law with Kevin McKenna. In an effort to confirm this information, my paralegal called Mr. McKenna's office. The automated answering service gave John Sheehan as one of the parties who could be reached through the service.

13. On March 6, 2008, I requested the United States Marshal's Service to serve the Writ of Attachment on John Sheehan at the Law Office of Kevin McKenna, 32 Acorn Street, Providence, Rhode Island.

14. The United States Marshal's Service returned the Writ of Attachment with a certification that the Marshal was unable to locate John Sheehan. The following remarks were written on the Process Receipt and Return form: "Sheehan does not work at 32 Acorn St Prov. RI. Has not worked at location for several months." A copy of the Process Receipt and Return is attached as **Exhibit B**.

15. As of March 6, 2008, the address maintained by the Rhode Island Supreme Court for John Sheehan, Esq. is 34 Bayside Avenue, Newport, Rhode Island.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 11th day of March, 2008.

Melissa Horne

STATE OF RHODE ISLAND
COUNTY OF Providence

On the 11th day of March, 2008, before me personally appeared Melissa M. Horne, to me known and known by me to be the person executing the foregoing Affidavit, and she acknowledged said Affidavit to be true and correct to the best of her knowledge, and to be her free act and deed.

Sara Levesque
Notary Public
My Commission Expires: 3/10/11

OFFICIAL SEAL
SARA LEVESQUE
NOTARY PUBLIC - RHODE ISLAND
My Commission Expires 3-10-2011